## IN THE MATTER OF J. WAYMAN MITCHELL.

### (Filed 24 January, 1934.)

1. **Extradition A d—Fugitive from justice may be arrested on warrant of magistrate of this State, but is entitled to hearing before commitment.**

   Where a justice of the peace of this State issues a warrant for the arrest of a person based upon an affidavit that such person was a fugitive from justice from another state, and the warrant is regular and valid, N. C. Code of 1931, 4556(1), in *habeas corpus* proceedings instituted prior to a hearing upon the warrant before the justice of the peace, an order remanding the petitioner to the custody of the sheriff who had arrested petitioner is not error, but petitioner is entitled to a hearing before the justice of the peace before he is committed to await the issuance of an extradition warrant.

2. **Same—Fugitive from justice arrested on warrant of magistrate of this State may not be delivered to other state prior to proper extradition papers.**

   A person arrested upon a warrant of a justice of the peace of this State, issued upon an affidavit that such person was a fugitive from justice from another state, N. C. Code of 1931, 4556(1), may not be lawfully delivered to the authorities of such other state until the Governor of this State has honored a requisition for such person from the Governor of such other state.

THE above entitled cause was heard on the return to a writ of *certiorari* issued by the Supreme Court on 11 October, 1933, to review

the judgment of *Oglesby, J.,* at Concord, N. C., on 6 May, 1933. From CABARRUS. Modified and affirmed.

On 11 November, 1932, J. Wayman Mitchell was arrested in Cabarrus County, North Carolina, by the sheriff of said county under a warrant issued by a justice of the peace of Cabarrus County. The sheriff was commanded by said warrant "forthwith to arrest J. Wayman Mitchell, and him safely keep so that you may have him before me at my office in said county immediately to answer the complaint above set forth, and be dealt with as the law directs." The warrant was issued on an affidavit by which it was made to appear that J. Wayman Mitchell has been indicted by the grand jury of Warren County, in the State of Tennessee, for a felony committed by him in said State, and that he is now in this State as a fugitive from justice.

On 10 December, 1932, before a hearing had been had on the warrant, on the petition of J. Wayman Mitchell, Judge Oglesby, the resident judge of the Superior Court of the Fifteenth Judicial District, issued a writ of *habeas corpus* directed to the sheriff of Cabarrus County, and commanding the said sheriff to have the body of the said J. Wayman Mitchell before him at a time and place fixed in the writ, in order that the lawfulness of his custody and detention by the said sheriff might be inquired into by him.

On the return to the writ of *habeas corpus,* upon his finding that the petitioner was in the lawful custody of the said sheriff, Judge Oglesby ordered and adjudged that the petitioner be and he was remanded to the custody of the sheriff of Cabarrus County. It was further ordered that said sheriff deliver the petitioner, J. Wayman Mitchell, to the authorities of the State of Tennessee, upon their demand.

Thereafter, J. Wayman Mitchell applied to the Supreme Court for a writ of *certiorari* in order that said Court might review the judgment of Judge Oglesby in the *habeas corpus* proceeding pending before him.

*Hartsell & Hartsell for petitioner.*
*Armfield, Sherrin & Barnhardt contra.*

CONNOR, J. It appears from the record in this cause, as certified to this Court in response to the writ of *certiorari* issued on 11 October, 1933, that the warrant under which the petitioner, J. Wayman Mitchell was arrested, and under which he was held in custody by the sheriff of Cabarrus County, the respondent in the *habeas corpus* proceeding, was regular and valid in all respects. N. C. Code of 1931, section 4556(1). Chapter 124, sec. 11, Public Laws of N. C., 1931. There was no error in the judgment remanding the petitioner to the custody of the respondent.

It does not appear from the record, however, that the petitioner had been taken by the sheriff before the justice of the peace who issued the warrant, for a hearing as provided by the statute, prior to the issuance of the writ of *habeas corpus*. The petitioner is entitled to a hearing before the justice of the peace, before he can be committed to await the issuance of an extradition warrant by the Governor of this State. At such hearing the justice of the peace will determine whether the petitioner shall be committed to await the issuance of an extradition warrant, or shall be discharged. The petitioner cannot be lawfully delivered to the authorities of the State of Tennessee, until the Governor of this State has honored a requisition from the Governor of the State of Tennessee for the petitioner. It was error to order the sheriff of Cabarrus County to deliver the petitioner to the authorities of the State of Tennessee, upon their demand. As modified in accordance with this opinion, the judgment is

Affirmed.